# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Cesar Sevilla-Acosta, | Case No. 20-CV-0821 (WMW/KMM) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| B. Birkholz, Warden, | |
| Respondent. | |

Petitioner Cesar Sevilla-Acosta was found guilty after a jury trial in this District on one count of conspiracy to distribute marijuana. *See United States v. Sevilla-Acosta*, No. 10-CR-230 (22) (D. Minn.). The conviction was affirmed on direct appeal. *See United States v. Sevilla-Acosta*, 746 F.3d 900 (8th Cir. 2014). Mr. Sevilla-Acosta has twice sought collateral relief from his conviction under 28 U.S.C. § 2255, but on each occasion his request was denied. His first petition was denied on the merits, *see United States v. Sevilla-Acosta*, No. 14-CV-4998 (PJS), 2016 WL 4179360 (D. Minn. Aug. 5, 2016), and the second request was rejected as being a second petition filed without the necessary authorization from the United States Court of Appeals for the Eighth Circuit. *United States v. Sevilla-Acosta*, No. 17-CV-3944 (PJS) (D. Minn. Aug. 30, 2017).

Mr. Sevilla-Acosta has now filed what he has labeled a "motion to vacate conviction and sentence pursuant to 28 U.S.C.S. § 2241." ECF No. 1. The title is procedurally ambiguous. A motion to vacate a sentence imposed in federal court is appropriately brought under § 2255, not under § 2241. But the same restriction on

1

second-or-successive motions under § 2255 that applied to Mr. Sevilla-Acosta's most recent motion to vacate would apply to his pleading in this matter, if it were to be interpreted as another motion to vacate under § 2255.  *See* 28 U.S.C. § 2255(h).  The Eighth Circuit still has not authorized Mr. Sevilla-Acosta to proceed for a third time under § 2255.  Accordingly, the sentencing court would be without jurisdiction to consider any motion under § 2255 now filed by Mr. Sevilla-Acosta.

Alternatively, Mr. Sevilla-Acosta's petition could be viewed through the laws of the habeas statute he cites, although he labels his pleading as a motion to vacate, Mr. Sevilla-Acosta invokes § 2241, not § 2255.  The statutory limitation on second-or-successive motions under § 2255 does not apply to petitions for a writ of habeas corpus.  But by invoking § 2241, Mr. Sevilla-Acosta runs into a different procedural problem:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).  Section 2255(e) sets forth what has become known as the exclusive-remedy rule: federal prisoners must seek collateral relief from their conviction or sentence under § 2255, not § 2241, unless § 2255 is "inadequate or ineffective to test the legality" of the prisoner's conviction or sentence.  *Id*.  A district court lacks jurisdiction to consider a habeas petition that runs afoul of the exclusive-remedy rule.  *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam).

2

Neither the Supreme Court nor the Eighth Circuit Court of Appeals has set forth the exact contours of the exclusive-remedy rule. It is clear, though, that the rule applies broadly. For example, "[i]t is well established that in order to establish a remedy is inadequate or ineffective under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). It is not enough to show that a motion under § 2255 would now be untimely, or that the motion would now require authorization due to being "second or successive." *See United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (collecting cases). At a minimum, the petitioner seeking to avoid the exclusive-remedy rule must show that he "had no earlier procedural opportunity to present [her] claims." *Abdullah*, 392 F.3d at 963; *accord United States v. Barrett*, 178 F.3d 34, 52 (1st Cir. 1999) ("[W]here a prisoner had an opportunity to present his claim properly in his first § 2255 petition, but failed to do so, any 'ineffectiveness' of his current § 2255 petition is due to him and not to § 2255.").

Mr. Sevilla-Acosta alleges that there is evidence showing that he could not have committed the offense for which he was convicted. All of this evidence dates from before the time of trial; accordingly, it is unclear why Mr. Sevilla-Acosta could not have presented his claims before trial, on direct appeal, or in his initial § 2255 proceedings. Mr. Sevilla-Acosta's failure to raise his innocence claim under § 2255 does not render that provision "inadequate or ineffective."

If the evidence Mr. Sevilla-Acosta relies upon could be said to be "newly discovered" and therefore unavailable at the time of the initial § 2255 proceedings, § 2255(h)(1) permits a court of appeals to authorize a successive motion under § 2255

3

where the motion contains "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." Indeed, this is precisely what Mr. Sevilla-Acosta contends in his habeas petition: that the evidence cited in his petition demonstrates his innocence and that no reasonable juror could have found him guilty. Therefore, Mr. Sevilla-Acosta could still proceed under § 2255, if the Eighth Circuit grants authorization to proceed with his successive petition. And as explained above, the fact that such authorization is required to proceed does not make § 2255 inadequate or ineffective. *See Lurie*, 207 F.3d at 1077.

The exclusive-remedy rule therefore applies to Mr. Sevilla-Acosta's habeas petition. Accordingly, this petition must be dismissed without prejudice for lack of jurisdiction.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED that this matter be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Date: April 15, 2020
           s/ *Katherine Menendez*
           Katherine Menendez
           United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).