UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Cesar Sevilla-Acosta, | Case No. 20-cv-0821 (WMW/KMM) |
| Petitioner, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| B. Birkholz, *Warden*, | |
| Respondent. | |

---

This matter is before the Court on the April 15, 2020 Report and Recommendation (R&R) of United States Magistrate Judge Katherine M. Menendez. (Dkt. 3.) The R&R recommends denying Petitioner Cesar Sevilla-Acosta's petition for a writ of habeas corpus. For the reasons addressed below, the Court adopts the R&R.

## BACKGROUND

Following a jury trial in the District of Minnesota, Sevilla-Acosta was convicted of one count of conspiracy to distribute marijuana. *United States v. Sevilla-Acosta*, No. 10-cr-0230-22, Dkt. 878 (PJS/FLN) (D. Minn. Nov. 28, 2012). The United States Court of Appeals for the Eighth Circuit affirmed the conviction on direct appeal and the Supreme Court of the United States denied Sevilla-Acosta's petition for a writ of certiorari. *United States v. Sevilla-Acosta*, 746 F.3d 900 (8th Cir. 2014), *cert. denied*, 138 S. Ct. 1708 (2018). Sevilla-Acosta has, on two prior occasions, sought collateral relief from his conviction pursuant to 28 U.S.C. § 2255. The district court denied on the merits Sevilla-Acosta's first motion to vacate his sentence. *See United States v. Sevilla-Acosta*, No. 10-cr-0230-22, Dkt.

1078 (D. Minn. Aug. 5, 2016).  The district court denied his second motion to vacate his sentence because he filed the second motion without the necessary authorization from the Eighth Circuit.  *Id.*, Dkt. 1121.

On March 23, 2020, Sevilla-Acosta filed the pending petition to vacate his conviction or, in the alternative, vacate his sentence pursuant to 28 U.S.C. § 2241, alleging a miscarriage of justice because he is innocent of the crime charged.  In the April 15, 2020 R&R, the magistrate judge recommends dismissing this action because the Court lacks jurisdiction to consider Sevilla-Acosta's habeas petition under Section 2241.  The R&R explains that Sevilla-Acosta's exclusive means to challenge his conviction or sentence is to seek authorization to file a successive motion under 28 U.S.C. § 2255, unless he can demonstrate that any remedy available under Section 2255 is inadequate or ineffective.  The R&R concludes that, because the remedy available under Section 2255 is adequate, the Court lacks jurisdiction to entertain Sevilla-Acosta's petition under Section 2241, and Sevilla-Acosta may not file another motion under Section 2255 unless the Eighth Circuit authorizes him to do so.

Sevilla-Acosta objects to the R&R's conclusion that his petition is procedurally improper because, he maintains, he recently obtained documents that prove his innocence of the crime of which he was convicted.  His petition is properly brought pursuant to Section 2241, he argues, because under that provision a prisoner may bring an otherwise time-barred claim if the prisoner can show that he is actually innocent of an offense and the failure to do so will result in a fundamental miscarriage of justice.  Contrary to the conclusion of the R&R, Sevilla-Acosta contends, Section 2255 is inadequate or ineffective

2

to address the legality of his conviction or sentence because a Section 2255 motion would be time-barred.

## ANALYSIS

This Court reviews de novo those portions of an R&R to which an objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3).

A petitioner who seeks to challenge a sentence or conviction ordinarily must do so in the sentencing court under Section 2255. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). A challenge to a sentence or conviction may not be brought under Section 2241 without first showing that Section 2255 would be an inadequate or ineffective means to bring such a challenge. *Id.* Section 2255's "savings clause" provides that an application for a writ of habeas corpus

> shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). It is the petitioner's burden to demonstrate that relief under Section 2255 would be unavailable or ineffective. *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). To do so, a petitioner must demonstrate more than the existence of a procedural barrier to bringing a Section 2255 motion. *Id.*

Sevilla-Acosta has not demonstrated that Section 2255 is inadequate or ineffective to challenge his conviction. He merely argues that his petition, if brought as a motion

3

under Section 2255, would face a procedural barrier. But a procedural barrier is not a sufficient reason to conclude that the remedy under Section 2255 is inadequate or ineffective. *E.g.*, *id.*; *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000). The procedural requirements of Section 2255 would be meaningless if Section 2255 were deemed inadequate or ineffective to challenge a conviction whenever the limitation on successive motions applied.

Sevilla-Acosta's assertion of an actual-innocence claim does not change the analysis. Although some federal appellate courts have ruled that a conviction may be attacked under Section 2241 when the petitioner asserts a claim of actual innocence and has never had an unobstructed procedural opportunity to do so, *Abdullah*, 392 F.3d at 960, the Eighth Circuit has "declined to decide whether a claim of actual innocence allows a petitioner to bypass the gatekeeping requirements of . . . § 2255 and proceed with a § 2241 habeas corpus petition via § 2255's saving clause," *id.* (internal quotation marks omitted). And even if the Eighth Circuit endorsed the approach adopted by other Circuit Courts of Appeal, Sevilla-Acosta's argument would fare no better.

First, Section 2255 permits a prisoner to file a second or successive motion with approval from the Eighth Circuit upon presenting "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty." 28 U.S.C. § 2255(h)(1). Under such circumstances, the one-year limitation period does not commence until the date when the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). Sevilla-Acosta had

4

an unobstructed opportunity to raise his claim of innocence within that time limit. *Abdullah*, 392 F.3d at 963 (concluding that petitioner had an unobstructed procedural opportunity to present his actual-innocence claim by presenting a timely second Section 2255 motion and receiving authorization to file it). Sevilla-Acosta's "failure to seize that opportunity does not render § 2255 inadequate or ineffective." *Id.*

Second, Sevilla-Acosta does not have a colorable claim of actual innocence. "Claims of 'actual innocence' are extremely rare and are based on factual innocence not mere legal insufficiency." *Lurie*, 207 F.3d at 1077 n.4 (internal quotation marks omitted). Sevilla-Acosta maintains that he was not in the United States during part of the time in which the alleged conspiracy occurred. But this fact, even if true, would not necessarily support the conclusion that Sevilla-Acosta is innocent or that he was unable to participate in the conspiracy. As Sevilla-Acosta concedes, "the evidence produced only proves that Mr. Sevilla-Acosta purchased 240 to 250 pounds of marijuana at the most" and that "for only six months of the alleged four year conspiracy was Mr. Sevilla-Acosta in the country, purchasing drugs from Paco or Chapo."

Accordingly, the Court overrules Sevilla-Acosta's objections and adopts the R&R.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. The objections of Petitioner Cesar Sevilla-Acosta, (Dkt. 4), are **OVERRULED**.

2. The April 15, 2020 Report and Recommendation, (Dkt. 3), is **ADOPTED**.

3. Petitioner Cesar Sevilla-Acosta's petition for a writ of habeas corpus, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 4, 2020                              s/Wilhelmina M. Wright
                                                   Wilhelmina M. Wright
                                                   United States District Judge